UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARROLLTON PRESBYTERIAN
CHURCH                                    CIVIL ACTION

VERSUS                                    NUMBER 09-138-RET-SCR

THE PRESBYTERY OF SOUTH
LOUISIANA OF THE PRESBYTERIAN
CHURCH (USA)

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 27, 2009.

                                                */s/ Stephen C. Riedlinger*
                                               STEPHEN C. RIEDLINGER
                                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARROLLTON PRESBYTERIAN
CHURCH

CIVIL ACTION

VERSUS

NUMBER 09-138-RET-SCR

THE PRESBYTERY OF SOUTH
LOUISIANA OF THE PRESBYTERIAN
CHURCH (USA)

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Remand and Request for Attorneys Fees and Costs filed by plaintiff Carrollton Presbyterian Church.  Record document number 4.  The motion is opposed.[1]

**Background**

Although the pleadings are lengthy, the procedural history of this case is not complex.  Plaintiff Carrollton Presbyterian Church (hereafter, Carrollton)[2] filed a state court Petition for Declaratory Judgment in 2008 seeking a declaratory judgment under state law regarding ownership and other rights related to real property.  Subsequent events led to the plaintiff filing an Amended Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Declaratory Judgment (hereafter, Amended Petition) on February 13, 2009.  The state court issued a temporary

---

[1] Record document number 11.

[2] In the state court pleadings, plaintiff Carrollton is also referred to as CPC.

2

restraining order the same day and scheduled a hearing for March 2, 2009 on the plaintiff's request for a preliminary injunction. After the hearing concluded on March 3, 2009, but before the state court judge issued a ruling, defendant Presbytery of South Louisiana (hereafter, PSL )[3] timely removed the case to this court on March 12, 2009.

The Notice of Removal asserts subject matter jurisdiction under 28 U.S.C. § 1331, federal question. Specifically, the PSL alleged that the Amended Petition added claims under the Constitution of the United States and sought to enjoin PSL from allegedly infringing on Carrollton's First Amendment rights of religion and speech.  Defendant also asserted that the entire case is removable under 28 U.S.C. § 1441(c) because the plaintiff's federal claims are "separate and independent" claims within the court's § 1331 federal question jurisdiction.

Plaintiff promptly moved to remand.  Plaintiff argued that the Amended Petition "does not create a federal question because it does not create a claim created by the Constitution or laws of the Untied States."[4]  Morever, plaintiff argued, "no federal rights are essential elements of the state claims, interpretation of federal rights are unnecessary to resolve the case, and no questions of

---

[3] In the state court pleadings and in the Notice of Removal, defendant PSL is also referred to as the Presbytery.

[4] Record document number 4-1, supporting memorandum, p. 8.

federal law are substantial."[5]

Plaintiff then filed a Stipulation.[6] The Stipulation provides in relevant part, as follows:

> Carrollton hereby stipulates: 1) that it asserts no federal claims for relief, nor has ever intended to assert any federal claims for relief, in any of the various pleadings, including the Petition and Amended Petition filed in [the state court case], and; 2) that all claims for relief asserted by Carrollton in that matter are based solely under state law.

Defendant argued essentially that the Amended Petition "plainly invokes federal jurisdiction,"[7] the plaintiff cannot "avoid the consequences of its earlier decision by now asserting that it did not intend to claim protection under the Constitution,"[8] and the plaintiff's Amended Petition "relies on the existence of Constitutional issues to establish the grounds for relief on its state [law] claims."[9]

### **Applicable Law**

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company*, 128 F.3d 919, 921-22 (5th Cir. 1997).

---

[5] *Id.*

[6] Record document number 8.

[7] Record document number 11, opposition memorandum, p. 1.

[8] *Id.*, p. 4.

[9] *Id.*, p. 7.

4

The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Id*. Absent diversity of citizenship, removal is appropriate only for those claims within the federal question jurisdiction of the district courts. 28 U.S.C. § 1331. Under the "well pleaded complaint" rule, as discussed in *Franchise Tax Board v. Construction Laborers Vacation Trust*,[10] federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A case may not be removed to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.[11] However, a federal court may find that a plaintiff's claim arises under federal law even though the plaintiff has not characterized it as a federal claim. *Frank*, 128 F.3d at 922; *Aquafaith Shipping Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113 S.Ct. 413 (1992).

It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the U. S. Constitution, which defines the limits of the judicial power of the United States. Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded

---

[10] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[11] *Id*., at 10-11, 103 S.Ct. at 2846-47.

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of the substantial question of federal law. *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. at 2855-56; *Frank v. Bear Stearns & Company*, *supra*.

To support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiffs' claims, ignoring the defendant's own pleadings and notice of removal.  A defendant must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First National Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).  Under *Gully* and *Franchise Tax Board*, a complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).

It is well established that the plaintiff is the master of his complaint.  *Healy v. Sea Gull Speciality Company*, 237 U.S. 479, 480, 35 S.Ct. 658, 659 (1915).  A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but also taking the risk that his federal

claims will one day be precluded. *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *citing*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, n. 6 (1986).

There is no automatic entitlement to an award of attorney fees under 28 U.S. C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's

actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *Id.; Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

**Remand**

Paragraph 63 of the Amended Petition alleges as follows:

> The actions by PCUSA presbyteries described above violates state property law and trust law, free speech rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the Louisiana Constitution, the religion clauses of the First Amendment to the United States Constitution and Article I, Section 8 of the Louisiana Constitution, the due process guarantees of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Louisiana Constitution, and substantive property rights guaranteed under Article I, Section 4 of the Louisiana Constitution.  The effect of such actions, if taken in whole or in part or threatened by the PSL, would chill if not violate the foregoing, protected rights, interfere with appropriate local church governance of congregational matters, impede the ability of the congregation of Carrollton Presbyterian Church to hold a congregational or corporate meeting free of improper interference, and cloud the title of property held by Carrollton Presbyterian Church.

This is the only paragraph in either the original or Amended Petition which specifically refers to any federal law or provision of the Constitution of the United States.

The language in paragraph 63 of the Amended Petition can

reasonably be read to include allegations that defendant PSL violated the plaintiff's First Amendment right to freedom of speech and its right to due process under the Fourteenth Amendment. However, alleging actions which violate federal law is not necessarily the same as making a claim based on those actions. In this case, the conclusion that the plaintiff made a claim based on violations of federal law is not supported by the language of the Amended Petition as a whole.

First, as the plaintiff candidly acknowledged, there is no allegation that the defendant is a state actor, or that the defendant engaged in any form of state action.[12]  Second, none of the relief sought by the plaintiff requires a finding that the defendant violated the plaintiff's First or Fourteenth Amendment rights.  Third, the relief granted by the state court in its temporary restraining order is not specifically based on any

---

[12] It is well established that state action is a necessary component of a First or Fourteenth Amendment violation. *See*, e.g. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). The Amended Petition does not allege that defendant PSL is a state actor. A private party may be held liable under § 1983 if it is a "willful participant in joint activity with the State or its agents." *Cinel v. Conick*, 15 F.3d at 1343, quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1606 (1970). The Amended Petition does not allege that defendant PSL engaged in any unlawful joint activity with the state or any state actor.

Nor does the Amended Petition refer to 42 U.S.C. § 1983, the statute under which most claims based on a violation of federal Constitutional rights are brought.

finding of either a First or Fourteenth Amendment violation.[13] Fourth, it is not reasonable to interpret the references to the First and Fourteenth Amendments in paragraph 63 of the Amended Petition to assert a claim which is separate and independent from the plaintiff's state law claims.  Fourth, any doubt the defendant had about whether the plaintiff intended to assert a federal claim is removed by the plaintiff's Stipulation.  The Stipulation does not purport to withdraw or dismiss any claim; rather it clarifies that the plaintiff never intended to, and does not, assert any federal claims for relief.

Contrary to the defendant's assertion, paragraph 64 does not refer specifically to the deprivation of a federal "Constitutional Right" - with a capital "C" and a capital "R".[14]  Paragraph 64 states as follows:

> Under Louisiana law a showing of irreparable harm is not required when the deprivation of a **constitutional right** is involved.  Nor is a showing of irreparable harm required under Louisiana law when the moving party demonstrates that the action sought to be enjoined is in violation of prohibitory law.

(Underline in original, bold emphasis added).

It is not clear that paragraph 64 refers to any federal Constitutional right.  Considering the entire Amended Petition, the words "a constitutional right" are more accurately interpreted

---

[13] Record document number 1-2, Notice of Removal, state court pleadings, pp. 49-50.

[14] Record document number 11, opposition memorandum, p. 4.

as referring to a right under the Louisiana Constitution.  But at best, from the defendant's perspective, the reference in paragraph 64 to "a constitutional right" is ambiguous.  That ambiguity has been clarified by the plaintiff's Stipulation.

In summary, the plaintiff's Amended Petition contains no "separate and independent claim or cause of action within the jurisdiction conferred by section 1331."[15]

Even assuming that such a claim was pled, remand would still be appropriate.  Plaintiff's Stipulation effectively abandoned or withdrew any federal claim.  Under 28 U.S.C. § 1367(a) the court can exercise supplemental jurisdiction over all other claims that are so related to the claims over which the court has federal question jurisdiction that they form part of the same case or controversy.  Plaintiff's Stipulation would not deprive the court of jurisdiction under § 1331 (assuming it has such jurisdiction).  Nor does it deprive the court of the power to exercise supplemental jurisdiction over the plaintiff's remaining state law claims.  However, it is well settled that the court has discretion under § 1367(c)(3) to decline to exercise supplemental jurisdiction when the federal claims are resolved early in the progress of the litigation.[16]  Also, under § 1367(c)(2) the court may decline to

---

[15] 28 U.S.C. § 1411(c).

[16] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988); *Robertson v. Neuromedical Center*, 161
(continued...)

exercise supplemental jurisdiction over such a claim if the claim substantially predominates over the federal claim.  Futhermore, under § 1441(c) the court, "in its discretion, may remand all matters in which State law predominates."  Clearly, the plaintiff's state law claims predominate over any federal claim which might be assumed to have been pled.  There no longer being any federal claims - pled or assumed to have been pled, remand of the remaining state law claims would be appropriate.[17]

**Costs and Expenses**

Although a close question, in the circumstances of this case the plaintiff is not entitled to an award of costs and expenses incurred in connection with the motion to remand.  Read in isolation, the allegations in paragraph 63 of the Amended Petition can be interpreted as alleging not just violations of federal law, but also as a claim for relief based on the alleged violations.  This conclusion is warranted because the original petition made no mention of any violation of federal law.  Therefore, it was not unreasonable for the defendant to attach some significance to these new allegations.  No other binding federal court cases have held that such allegations were insufficient to state a federal claim.

---

[16](...continued)
F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098, 119 S.Ct. 1575 (1999).

[17] If the court should decide to remand the case on this alternative basis, the remand should be conditioned on the plaintiff's formal dismissal of the federal claims.

Although it is true that the *Central Presbyterian Church* case cited by the plaintiff involved virtually identical language, and so would have cautioned against removal of the plaintiff's case, that decision is not binding on this court.[18]  Additionally, had it not removed the case when it did, the defendant would almost surely have had to face the plaintiff's objection to a later removal as untimely.  Considering the allegations in paragraph 63 of the Amended Petition, and nature and pace of the proceedings in the state court following the Amended Petition, it was not objectively unreasonable for the defendant to remove the case.

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand and Request for Attorneys Fees and Costs filed by plaintiff Carrollton Presbyterian Church be granted in part. The motion should be granted insofar as the plaintiff sought an order remanding this case to the state court.  The motion should be denied insofar as the plaintiff sought an award of costs and expenses incurred in connection with the motion.

Baton Rouge, Louisiana, March 27, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[18] Record document number 4-3, Exhibit A, *Central Presbyterian Church in the United States of America of Huntsville, Ala., v. North Alabama Presbytery*, CV 07-336-VEH (N.D.Al. 2007).